[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-14042

Non-Argument Calendar

————————————————

DOUGLAS REED,

Plaintiff-Appellant,

*versus*

E.L. TOLEDO,
M.D.,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:20-cv-00214-MMH-MCR

_____

Before GRANT, TJOFLAT, and ANDERSON, Circuit Judges.

PER CURIAM:

Douglas Reed, a Florida prisoner proceeding *pro se*, appeals the District Court's grant of summary judgment to E.L. Toledo, M.D., on his deliberate indifference claim under 42 U.S.C. § 1983. Reed argues that the court erred in finding that the evidence did not demonstrate an objectively serious medical need or that Toledo was deliberately indifferent to that need.  Because Reed does not contest the court's independent determination that no evidence demonstrates that Toledo's alleged actions injured him, we affirm.

## I.  Background

Reed's amended complaint alleged that on March 27, 2019, Toledo and Warden T. Knox were deliberately indifferent to his serious medical needs.  He alleged that he informed Toledo about his medical history and severe pain and that he was previously prescribed a back brace.  Reed alleged that Toledo ignored his medical issues, did not examine him, and stated, "I'm not doing anything for you or giving you anything."  Reed also alleges that Toledo refused to grant his request for a back brace and low bunk pass.[1]

_____

[1] But as the District Court noted, Reed likely had a low bunk because at the time he was housed in a one-man confinement cell.

The District Court dismissed Reed's claims against Knox and his claims against Toledo in his official capacity without prejudice.[2] Still, the court found that Reed had stated a plausible Eighth Amendment claim of deliberate indifference against Toledo in his individual capacity. Toledo answered by denying the factual allegations and raising various affirmative defenses.

In March 2022, Toledo moved for summary judgment. The court found first that no evidence suggested that Reed's pain and complaints constituted an objectively serious medical need requiring immediate attention or posing a substantial risk of serious harm. Further, even if Reed had a serious medical need, the court found that the record showed Toledo was not deliberately indifferent because he exercised his professional judgment in prescribing medication rather than renewing Reed's passes for a low bunk and back brace. Last, the court found that even if it assumed Toledo had been deliberately indifferent, no evidence indicated that Toledo's actions injured Reed. Consequently, the court granted Toledo's motion for summary judgment. Reed timely appealed.

## II. Legal Standard

We review de novo a grant of summary judgment, drawing all reasonable inferences in the light most favorable to the nonmoving party. *Bowen v. Manheim Remarketing, Inc.*, 882 F.3d 1358, 1362

---

[2] On appeal, Reed does not challenge the dismissal of his claims against Knox or his claims against Toledo in his official capacity. Thus, he has forfeited the issues. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 95 (2022).

(11th Cir. 2018).  Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A genuine issue of material fact exists when 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Bowen*, 882 F.3d at 1362 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### III.  Discussion

Reed challenges the District Court's grant of summary judgment.  Reed argues that the evidence demonstrated that he requested a sick call to renew his medical passes, which had been prescribed by his prior physicians, and that Toledo's refusal to renew the passes constituted deliberate indifference.

The Eighth Amendment prohibits cruel and unusual punishment.  U.S. Const. amend. VIII.  This includes deliberate indifference to prisoners' serious medical needs.  *Gilmore v. Hodges*, 738 F.3d 266, 273–74 (11th Cir. 2013).  To bring a deliberate indifference claim, Reed was required to demonstrate a serious medical need, Toledo's deliberate indifference to that need, and causation linking that indifference to Reed's injury.  *See id.*

But Reed's appeal does not address a critical independent ground for the District Court's judgment: the lack of evidence that Toledo's alleged actions caused any injury to Reed.  "To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect."  *Sapuppo v.*

*Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).  Thus, because Reed "fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."  *Id.*[3]

**AFFIRMED.**

---

[3] "While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned."  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) (citations omitted).